MEMORANDUM**
Plaintiff George Thomas (“Thomas”) brought this suit against Defendant U.S. Bank for its attempts to collect an uncol-lectible debt from Thomas and for two pulls of Thomas’s credit report, claiming U.S. Bank’s conduct violated Oregon statutes and the federal Fair Credit Reporting Act (“FCRA”). Thomas appeals various rulings by the district court.
We affirm the district court’s grant of summary judgment on Thomas’s claims under the Oregon Unlawful Debt Collection Practices Act (“UDCPA”). Thomas’s claim under Or.Rev.Stat. § 646.639(2)(m) fails because he presented no evidence that U.S. Bank represented that Thomas’s debt would be increased by fees or other charges. Thomas’s claim under Or.Rev. Stat. § 646.639(2)(n) fails because he presented no evidence that the difference between his actual debt amount and the amount U.S. Bank attempted to collect was attributable to added interest or fees. Thomas’s claim under Or.Rev.Stat. § 646.639(2)(k) fails because a litigation is not a “right or remedy” that was unavailable to U.S. Bank when it threatened to sue. Porter v. Hill, 314 Or. 86, 838 P.2d 45, 49 (1992); Pro Car Care, Inc. v. Johnson, 201 Or.App. 250, 118 P.3d 815, 818 (2005).
We also affirm the district court’s grant of judgment as a matter of law to U.S. *593 Bank on Thomas’s “permissible purposes” FCRA claim under 15 U.S.C. § 1681b(f). Thomas presented no evidence that U.S. Bank or Capital Management Services, Inc., had requested his credit report for any reason other than to attempt to collect on the debt, and requesting a credit report with the intent to collect on a debt is among the “permissible purposes” listed in the FCRA. 15 U.S.C. § 1681b(a)(3)(A).
Finally, the district court did not abuse its discretion in excluding the video testimony of Thomas’s deceased expert witness. Nor did it abuse its discretion in awarding attorney’s fees to U.S. Bank.
AFFIRMED.

 The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.